United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANTHONY MITCHELL,

    Defendant.
_____/

No. CR 13-0300 PJH

**ORDER GRANTING MOTION TO SUPPRESS**

On September 25, 2013, this matter came on for hearing on defendant Anthony Mitchell's motion to suppress. As the court held on the record, the search warrant affidavit sufficiently established the fair probability that Mitchell committed a crime and that evidence of its commission would be found at Mitchell's residence, work place or vehicles. The issue remaining before the court is whether the affidavit established the nexus between Mitchell and the 28th Street residence that was searched. For the reasons set forth below, the court GRANTS the motion to suppress the fruits of the search from the 28th Street residence.

The evidence cited in the affidavit to establish the location to be searched as Mitchell's residence was limited to the following: Accurint record that Mitchell's phone number was "associated" with the 28th Street address; surveillance of Mitchell driving the Mercedes convertible into a garage at the 28th Street property, several hours after Mitchell conducted two suspected drug transactions from his car, an instrumentality of the crime; observation of the garage door opening when Mitchell drove into the driveway, supporting a reasonable inference that he used a remote control to open the garage.

The court determines that the facts contained within the four corners of the affidavit do not establish a fair probability that evidence of crime would be found in the residence

that was to be searched. First, the affidavit suggests some association between Mitchell's cell phone number and the 28th Street address as reflected in the Accurint record, but does not establish the nature or type of association that was uncovered by the Accurint record. Indeed, at the hearing government counsel could not explain to the court what this "association" means. The undisputed evidence from Mitchell's criminal, DMV and probation records establishes that his residence was on Roosevelt Avenue. Without more information about the Accurint record and what "associated" with an address is intended to mean, the court cannot conclude that the 28th Street address was Mitchell's residence or workplace.

Second, Mitchell was seen entering the garage only once, and the facts presented in the affidavit do not establish that the 1134 unit could even be accessed from the garage. Mitchell was not seen leaving the garage, so that it is unknown whether or not he spent the night there, nor was he seen entering or leaving through the front door of the 1134 unit. Thus, Mitchell was never actually seen entering or exiting the unit. Furthermore, Mitchell has demonstrated that there were three different residential units located within the 28th Street property, one on Rheem and two on 28th Street, and each unit is indicated by a separate mailbox with its own street number. Larsen Decl. Exs. 1-4. Mitchell has also shown that the 28th Street property has 2 garages, one with a sign indicating it was reserved only for the Rheem residence, and another which does not indicate at all whether it also belonged to the Rheem residence or to 1134 or 1134A 28th Street. In fact, it is not even clear that there were two garages and not just two doors to one garage. Further, there was no indication from the outside that the garage Mitchell entered actually led to the 1134 unit. Without further surveillance of Mitchell coming and going to the 1134 unit to support a reasonable inference that he lived there, or further investigation into the different units at the 28th Street property, the one-time observation of Mitchell driving into the garage does not support a fair probability that Mitchell resided there or that evidence of a crime would be found at 1134 28th Street. In sum, the affidavit did not support a "fair

probability" that contraband or evidence of a crime would be found at 1134 28th Street. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Under the totality of the circumstances, the facts set forth in the affidavit establish probable cause to search the garage that Mitchell entered at the 28th Street property, but not the particular residence that was searched. By contrast, in *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002), the court found a nexus between the alleged criminal activity and the searched location where the defendant regularly went back and forth to the searched location during surveillance of controlled buys, used an electronic access device to access the parking lot of a gated complex, and the electric utility for the searched apartment was subscribed under the defendant's name.

The government argues that even if probable cause to support the search warrant was lacking, the evidence from the search is admissible because the agents relied in good faith on the validity of the search warrant. The good faith exception is satisfied if an officer acts "in objectively reasonable reliance" on the warrant. *United States v. Underwood*, -- F.3d ---, 2013 WL 3988675, *8 (9th Cir. Aug. 6, 2013) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). "To determine whether the officer acted in objectively reasonable reliance, 'all of the circumstances - including whether the warrant application had previously been rejected by a different magistrate - may be considered.'" *Id.* (citing *Leon*, 468 U.S. at 922 n. 23; *Messerschmidt v. Millender*, -- U.S. ---, 132 S.Ct. 1235, 1249-50 (2012)).

Here, the officer's reliance on the search warrant was not objectively reasonable in light of the attenuated connection between Mitchell and the 28th Street property. The vague description of a single Accurint record reflecting that Mitchell's phone number was associated with the 28th Street residence, the single observation of Mitchell entering a garage on the property several hours after conducting suspected drug sales, and the inference that Mitchell had access to the garage with a remote control do not support a reasonable inference that Mitchell had even a temporary or intermittent residence at the 28th Street address, as the government suggests. Opp. at 11. The officer's reliance on the probable cause showing found insufficient here is distinguishable from the "colorable

argument for probable cause" found in *United States v. Crews*, 502 F.3d 1130 (2007) (reversing suppression orders). In *Crews*, the defendant was arrested for attempting to elude police after driving another defendant's car which was registered to the apartment that was searched; during surveillance, the defendant was seen driving away from the apartment complex in a car parked in the space reserved for that apartment; and the defendant was observed with the other defendant walking back and forth from the apartment to a car parked in the reserved parking space. *Id.* at 1137. Here, by contrast, the "bare bones" affidavit fails to establish a reasonable nexus between Mitchell and the 28th Street residence, and therefore lacks sufficient indicia of probable cause to fall within the good faith reliance exception.

For the reasons set forth herein, the court GRANTS the motion to suppress the fruits of the search of the 28th Street residence. Accordingly, IT IS HEREBY ORDERED that all evidence, including fruits, instrumentalities and evidence of a crime, taken and seized from the premises of 1134 28th Street, as documented in the search report, is hereby suppressed. IT IS FURTHER ORDERED that such evidence is inadmissible as evidence upon the trial of this action. However, any fruits of the search of the 28th Street garage, the search of Mitchell's person, Mitchell's Roosevelt Avenue residence, and Mitchell's cars are not subject to this suppression order.

**IT IS SO ORDERED.**

Dated: September 26, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

4