United States District Court
For the Northern District of California

1

2

3                     UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6   UNITED STATES OF AMERICA,

7            Plaintiff,                    No. CR 13-300 PJH

8        v.                                **PRETRIAL ORDER**

9   ANTHONY MITCHELL,

10           Defendant.
    _____/
11

12       This matter came before the court for a pretrial conference on August 6, 2014.  At

13  the hearing, the court ruled on the motions in limine as stated on the record and

14  summarized below.

15  **A.    Defendant's Motions in Limine**

16       1.    Defendant's motion to admit an edited version of the presearch video is

17  DENIED, except as stated below.  The cell phones were suppressed when the court

18  granted defendant's third motion to suppress and the phones may not be used for any

19  purpose by either party.  Because the order suppressing the cell phones was an evidentiary

20  sanction rather than the result of a finding that defendant's constitutional rights had been

21  violated, defendant may request that the order be vacated.  In that event the cell phones,

22  and evidence related to them, will be admissible, to the extent relevant, by either party.

23  They are either excluded for all purposes or admissible for any legitimate purpose. By close

24  of business August 7, 2014, defense counsel shall file a notice of election whether the

25  order suppressing the cell phones shall remain in place or whether he requests that the

26  court vacate the suppression order.  If defendant elects to have the suppression order

27  vacated, the parties shall meet and confer on the portions of the presearch video to be

28  redacted pursuant to the court's first suppression order.  If the parties do not stipulate to an

**United States District Court**

For the Northern District of California

1  edited version of the presearch video, they must file a joint letter describing each party's

2  proposed redactions by August 13, 2014.

3      2.    Defendant's unopposed motion to require the government to instruct its

4  witnesses about the suppression rulings is GRANTED.

5      3.    Defendant's motion to admit a redacted version of the search warrant return

6  is DENIED on the grounds that the redactions proposed by defendant would violate the rule

7  of completeness under FRE 106 and would be unfairly prejudicial under FRE 403.  It is

8  undisputed that the two bags of drugs were not listed on the return inventory, as

9  established by the officer's testimony at the suppression hearing, and admission of the

10  document is not necessary to prove that fact.  Further, the multiple redactions of other

11  items that were seized would raise questions about what is not shown on the inventory that

12  could confuse the jury and require further explanation.  Therefore, the redacted inventory

13  proffered by defendant may be used only for impeachment purposes if the officer testifies,

14  contrary to his earlier testimony, that he included the two bags of drugs on the inventory.

15  **B.    Government's Motions in Limine**

16      1.    The government's motion to exclude references to the possible sentence or

17  punishment or consequences defendant is facing is GRANTED, subject to defendant's

18  agreement to limit any such references to general statements about the seriousness of the

19  charges against him.

20      2.    The government's motion to permit impeachment of defendant with prior

21  felony convictions if he testifies at trial is GRANTED, subject to the government's

22  agreement not to discuss the nature of the prior gun conviction with respect to use or

23  possession of a gun.

24      **IT IS SO ORDERED.**

25  Dated:  August 7, 2014

26                           PHYLLIS J. HAMILTON
                         United States District Judge

27

28