UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY EARL MITCHELL,<br><br>　　　　Defendant.<br>_____/ | No. CR 13-300 PJH<br><br>**ORDER GRANTING IN PART MOTION FOR RETURN OF PROPERTY** |

　　　　Defendant Anthony Earl Mitchell has filed a motion pursuant to Fed. R. Crim. P. 41(g) for return of "all property (not including items of contraband) listed in the Return of Search Warrant Inventory dated October 2, 2012." Doc. no. 133. The motion for return of property does not attach a copy of the inventory of the search of the 28th Street residence, but the court notes that the motion appears to refer to the search warrant return that was previously submitted in support of defendant's third motion to suppress. *See* doc. no. 82-5 (Berkeley Police Department Return on Search Warrant, Report # 12-54295).

　　　　The government has filed a statement of non-opposition to the motion for return of property with respect to the property that the United States has in its possession, that is, two cellular telephones and two keys. Doc. no. 135. With respect to other items listed on the warrant, including cash seized from the 28th Street residence, the government represents that the seized property is in the custody of the Berkeley Police Department. The government states that defendant must contact the Berkeley Police Department to discuss the return of any property in its possession.

　　　　Other than the return of two cellular phones and two keys in the government's possession, defendant is not entitled to relief under Rule 41(g) because the remaining

property listed on the search warrant inventory was never in the possession of the federal government. *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003) (affirming denial of motion under former Rule 41(e) for return of vehicles that were seized by the local police department and were never in federal possession or control). Under Ninth Circuit authority, Rule 41 does not confer jurisdiction on the court to order the return of property seized and held by state law enforcement authorities, unless they were acting under direct federal authorization. *United States v. Huffhines*, 986 F.2d 306, 308 (9th Cir. 1993) (citing *United States v. Wilson*, 540 F.2d 1100, 1104 (D.C. Cir. 1976)). *See also United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (affirming denial of motion for return of property seized by sheriff's deputies at the time of arrest where the United States was not, and had never been, in possession of the property). The record demonstrates that officers of the Berkeley Police Department obtained a search warrant from the Superior Court for the County of Contra Costa, and were not acting under direct federal authorization in conducting the search of the 28th Street residence. The court therefore lacks jurisdiction to order the return of property that was never in federal possession or control. *Marshall*, 338 F.3d at 995.

For good cause shown, defendant's motion for the return of property, not including items of contraband, that was seized during the search of the 28th Street residence is GRANTED with respect to the two cellular phones and two keys in the possession of the federal government. Defendant may contact DEA Special Agent Shawn Foust, at 510-637-5612, to arrange the return of that property. The motion for return of property is DENIED with respect to the remaining items listed on the search warrant inventory that are in the possession of the Berkeley Police Department.

**IT IS SO ORDERED.**

Dated: December 2, 2014

PHYLLIS J. HAMILTON
United States District Judge

2